UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD, | No. 2:15-cv-2635 CKD P |
| Plaintiff, | |
| v. | ORDER |
| ANDREA BRYAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

/////

1   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3   Plaintiff has requested the appointment of counsel.  The United States Supreme Court has
4   ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983
5   cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional
6   circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §
7   1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900
8   F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required
9   exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be
10  denied.

11  The court is required to screen complaints brought by prisoners seeking relief against a
12  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The
13  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
14  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
15  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

16  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
17  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
18  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
19  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
20  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
21  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
22  Cir. 1989); Franklin, 745 F.2d at 1227.

23  In order to avoid dismissal for failure to state a claim a complaint must contain more than
24  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
25  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
26  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
27  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
28  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The allegations in plaintiff's complaint concern the criminal proceedings which resulted in plaintiff being incarcerated.  Plaintiff seeks damages and transfer to a state mental hospital.  To the extent plaintiff seeks damages, plaintiff's claims are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994) in which the Court found that a prisoner cannot proceed with a claim for damages that implies the invalidity of his conviction.  Id. at 487.  To the extent plaintiff seeks release from the California Department of Corrections and Rehabilitation, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  For these reasons, plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted.  Good cause appearing, the court will provide plaintiff one opportunity to state a claim upon which he can proceed in an amended complaint.

If plaintiff chooses to amend his complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

1  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

2  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

3  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

        3. Plaintiff's complaint is dismissed.

        4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

        5. Plaintiff's request for the appointment of counsel (ECF No. 2) is denied.

Dated:  March 3, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ford2635.14