UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD, | No. 2:15-cv-2635 CKD P |
| Plaintiff, | |
| v. | ORDER |
| ANDREA BRYAN, et al. | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. He has consented to have all matters before a United States Magistrate Judge. See 28 U.S.C. § 636(b)(1). On March 3, 2016, plaintiff's complaint was dismissed with leave to amend. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

As in his original complaint, the allegations in plaintiff's amended complaint concern the criminal proceedings which resulted in plaintiff being incarcerated. Plaintiff does not clarify the relief he seeks.

As plaintiff was informed in the court's March 3, 2016 order dismissing plaintiff's original complaint with leave to amend, to the extent he seeks release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). To the extent he seeks damages, his claims are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 487 (1994). In any case, plaintiff fails to state a claim upon which relief can be granted in a 42 U.S.C. § 1983 action.

For these reasons, plaintiff's amended complaint will be dismissed. Because granting leave to amend a second time appears futile, leave will not be granted.

/////
/////
/////
/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and
2. This case is closed.

Dated: April 28, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

ford2635.dis